## Deacle, Appellant, *v.* Deacle.

*Alteration of sheriff's return—Practice, C. P.*

It is not competent for the sheriff to alter or amend a return which has been made. If the writ bears his return, and has been delivered to the prothonotary, his control over it is ended, and any alteration by him without leave of the court is unauthorized and invalid.

The question whether there has been an alteration by the sheriff of a return made, or only a refusal by him to accept a return prepared by his deputy, but not actually made, and the substitution by him of a new one in place of it while the writ is still in his hands, is a question of fact, the duty and responsibility of deciding which rests with the court before which the case was heard.

Argued Feb. 21, 1894. Appeal, No. 300, Jan. T., 1894, by plaintiff, Joseph Deacle, from order of C. P. Lackawanna Co., Sept. T., 1893, No. 28, discharging rule to reinstate sheriff's return, and making absolute rule to strike off award of arbitrators. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Rule to reinstate sheriff's return and rule to strike off award of arbitrators in ejectment.

From the record and depositions taken it appeared that the

deputy sheriff who had the writ in charge was instructed to serve it on Thomas Deacle, as defendant's agent. The writ was served as directed, and deputy Silkman wrote a return to that effect on the back of the writ. Counsel for plaintiff saw the return of the writ either in the office of the sheriff or the prothonotary. He then entered a rule of reference under which arbitrators were chosen who made an award in favor of plaintiff. The sheriff, under advice of counsel and before the return day, made a new return of nihil habet as to the defendant, and this return was pasted over the return first written. Subsequently a rule was entered by defendants to strike off the award, and a rule was also obtained to reinstate the return first made by the sheriff, and to restore the entry on the continuance docket to correspond thereto. The court refused to reinstate the return and struck off the award.

The following opinion was filed by GUNSTER, J.:

"We regret exceedingly that the veracity of the record in this case has been called in question. This seems to have been occasioned by some misunderstanding. The deputy sheriff who was first charged with serving the writ testifies that he signed the return claimed by counsel for plaintiff, but that he did not make the return to the prothonotary's office. The chief deputy sheriff testifies that the only return ever made to the prothonotary's office is the one which is there now; and the chief deputy prothonotary testifies that this is the only one ever received from the sheriff. It may well be, and we do not doubt that counsel for plaintiff were informed of and saw what had been signed by Mr. Silkman, but under the evidence we cannot say that it was the return made by the sheriff. Until the sheriff has actually made his return it is in his control. Of course he was not bound to serve the writ as requested by plaintiff's attorney, and even though his deputy may have served a copy on the person as requested by them, the sheriff still had it in his power to say whether he would take the responsibility of returning such person as the agent of one of the defendants.

"As the writ had not been served when the rule to arbitrate was served, the proceedings under the rule must be set aside. [The rule to show cause why the alleged original return as set forth in plaintiff's petition shall not be reinstated and the entry

on the continuance docket restored to correspond thereto is discharged.] [1]    [The rule to set aside the award of arbitrators and to strike off the judgment entered thereon is made absolute.] " [2]

*Errors assigned* were (1, 2) above orders, quoting them.

*A. A. Vosburg, W. S. Hulslander* with him, for appellant, cited : Vastine v. Fury, 2 S. & R. 426 ; Wright's Ap., 25 Pa. 373 ; Benwood Iron Works v. Hutchinson, 101 Pa. 359 ; Kleckner v. Lehigh Co., 6 Whart. 70 ; Bennethum v. Bowers, 133 Pa. 332 ; Hertzog v. Ellis, 3 Bin. 209 ; Fehr v. Reich, 36 Pa. 472 ; Weidenhamer v. Bertle, 103 Pa. 448 ; 2 Brewst. Pr., 1182, § 2903 ; Weaver v. Stone, 2 Grant, 422 ; MacGeorge v. Chemical Co., 141 Pa. 575 ; Morgan's Ap., 110 Pa. 276.

*A. D. Dean, G. B. Davidson* with him, for appellees, cited : King of Spain v. Oliver, 2 Wash. 429 ; Cole's Case, 1 McCrary, 405 ; The Sabine, 4 Woods, 83 ; Hitchcock v. Galveston Wharf Co., 4 Woods, 295 ; Renninger v. Thompson, 6 S. & R. 1 ; Latshaw v. Steinman, 11 S. & R. 357 ; Ordroneaux v. Prady, 6 S. & R. 510 ; Clymer v. Thomas, 7 S. & R. 180 ; Laird v. McCarter, 2 W. N. 213 ; O'Hara v. Baum, 1 Penny. 430 ; Fehr v. Reich, 36 Pa. 472 ; Act of June 6, 1866, P. L. 15 ; Berentz v. Bishop, 5 S. & R. 178 ; Ranck v. Becker, 12 S. & R. 412 ; Scranton v. Millspaugh, 13 Lanc. Bar, 104; s. c., 3 Law Times, N. S. (Lack. Co.) 197 ; Erie Bank v. Brawley, 8 Watts, 530 ; Straub v. Smith, 2 S. & R. 382 ; Ranck v. Whitaker, 4 W. N. 69 ; Calhoun v. Logan, 22 Pa. 46 ; Lehigh Val. Ins. Co. v. Fuller, 81 Pa. 398.

OPINION BY MR JUSTICE FELL, March 12, 1894.

The plaintiff in this case brought an action of ejectment against the defendants, and the deputy sheriff who had the writ was told to serve it on Thomas Deacle as their agent. He made the service as directed, and wrote the return to that effect on the back of the writ. The plaintiff's attorney having seen the return on the writ when it was in the office of the sheriff or the prothonotary, entered a rule of reference under which arbitrators were chosen, who made an award. The sher-

iff under the advice of his counsel, and before the return day, prepared a new return of nihil habet as to the defendant, and this return was pasted over the return first written.

Two rules to show cause were then granted by the court, one on motion of the defendants to set aside the award of arbitrators, and the other on petition of the plaintiff to reinstate the original return.    The first of these rules was made absolute, and the second discharged; and this action of the court is assigned as error.

It is not competent for the sheriff to alter or amend a return which has been made.    If the writ in this case bore his return and was delivered to the prothonotary, his control over it had ended, and any alteration by him without leave of the court was unauthorized and invalid.

The question whether there had been an alteration by the sheriff of a return made, or only a refusal by him to accept a return prepared by his deputy, but not actually made, and the substitution by him of a new one in place of it while the writ was still in his hands, was heard by the court of common pleas on depositions and decided in favor of the defendants.    This question of fact was properly before the court, and the duty and responsibility of deciding it rested there.

If there was no service of the writ on the defendants it follows that all proceedings under the rule of reference were void, and the award of the arbitrators was properly set aside.

The judgment is affirmed.